UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.                                      Case No.:    3:21-cr-9-BJD-JRK

GRETCHEN MICHELE CAMP,

    **Defendant.**

_____/

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE PURSUANT TO § 5K2.12 (COERCION AND DURESS)

Defendant, Gretchen Michele Camp, by and through undersigned counsel and pursuant to § 5K2.12 of the Sentencing Guidelines (the "Guidelines"), hereby moves this Honorable Court to grant a four (4) level reduction in the Defendant's offense level, and in support thereof states as follows:

1.     Section 5K2.12 of the Guidelines provides for a downward departure in cases where "the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a completed defense." USSG § 5K2.12.

2.     As is outlined in great detail in Ms. Camp's Sentencing Memorandum, Ms. Camp suffered over a decade long of physical, emotional, and psychological abuse at the hands of her husband. Utilizing this abuse and continuing it, Ms.

Camp's husband was able to coerce her into the instant crimes out of subservience to him and in an effort to avoid further abuse.

3. As mentioned above, the Guidelines specifically provide for a downward departure in this type of situation and the rationale and factors underlying the same were explained by the court in *United States v. Gaviria*, 804 F.Supp. 476 (E.D.N.Y. 1992).

4. Accordingly, this Court should grant a downward departure on Ms. Camp's offense level pursuant to USSG § 5K2.12.

WHEREFORE, Defendant, Gretchen Michele Camp, respectfully requests that the Honorable Court grant the instant Motion and grant a four (4) level reduction to the Defendant's offense level.

## MEMORANDUM OF LAW

In *United States v. Gaviria*, 804 F.Supp. 476 (E.D.N.Y. 1992), the court found that a downward departure to the statutory minimum of 60 months imprisonment, from the guidelines range of 70 to 87 months, was justified in the case of a defendant convicted of knowingly and intentionally possessing cocaine with intent to distribute, in light of the defendant's subservience to her husband, who was himself primarily responsible for her criminal acts; although the defendant's actions were legally "voluntary," they were not the result of free rational decision making, as her

life typified the plight of a subservient, abused woman. Judge Weinstein's analysis in *Gaviria* is instructive for the instant case and Ms. Camp's plight.

Judge Weinstein began his analysis with the following observations, which are particularly germane to the instant case:

> One person can cause another to commit a crime using three types of compulsion under circumstances where free will and mens rea are reduced. First, *duress* is sufficient physical compulsion or its psychological equivalent to eliminate mens rea. Second, physical *coercion* or its psychological equivalent can overcome much of a defendant's resistance, but leave enough freedom to support a finding of mens rea. Third is a relationship of *subservience* in which the law assumes that the actor could avoid criminal acts. The third category includes persons, often women, following the commands of another, often a male partner, because of a pattern of physical and psychological domination that develops over time.

*Id.* at 478 (emphasis in original).

Duress, of course, can be a complete legal defense to a crime. *Id.* But, its standard is "demanding" and "[i]t does not recognize the effects of subtle, ongoing forms of physical and psychological abuse." *Id.* Duress as a complete legal defense was not present in *Gaviria*, nor admittedly is it here.

Yet, the Sentencing Guidelines provide for a downward departure in cases "where the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." USSG §5K2.12. *See also Gaviria*, 804 F.Supp. at 478-79 ("In cases involving coercion the

3

abuse of a defendant is not severe enough nor is it connected directly enough with the defendant's crime to support a duress defense. Viewed in its entirety, however, the abuse significantly lessens the defendant's blameworthiness. The Sentencing Guidelines grant the court the authority to depart downward in these circumstances."). It was this downward departure the court employed in *Gaviria. Id.* at 481. Such a downward departure should likewise be employed in Ms. Camp's case for the severe coercion and duress she underwent at the hands of her husband as is outlined in her Sentencing Memorandum in great detail.

Moreover, even if this Court does not downwardly depart for this reason, the serious coercion and duress in this case is nevertheless ripe for a variance under 18 U.S.C. § 3553. *Gaviria*, 804 F.Supp. at 480. As the court cogently and insightfully recognized in *Gaviria,* as it relates to a woman such as Gretchen Camp's subservience to her husband and its interplay between the crime at issue and sentencing:

> A defendant might not be able to show the sort of "serious coercion ... or duress" of which the Guidelines speak, yet still might establish a pattern of dependence that would be relevant to blameworthiness and her sentence. A woman living in a relationship of complete subservience to a man deserves less punishment than the usual defendant when that man orders her to commit a crime and she obeys. The male's control can result from a combination of physical and psychological abuse, cultural norms, economic dependence and other factors.

4

The Sentencing Guidelines fail to account for these endemic sociological and psychological realities. Nowhere in the Guidelines' formulaic mechanism is there room to consider how the facts of the life of a woman abused in this fashion should bear upon her sentence.

Congress has mandated that the sentencing judge consider, among other things, "the need for the sentence imposed ... to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2). By failing to account for the situation of the subservient woman, the Guidelines hinder rather than advance these statutory objectives...

Whether a particular defendant committed her crimes under the influence of a pattern of emotional and physical abuse is relevant to blameworthiness. Incarceration of such a defendant might not serve the statutory objectives of specific or general deterrence, incapacitation, rehabilitation and retribution that normally motivate sentencing decisions.

The prevalence of psychological and physical abuse of women is well-documented. The cycle of victimization and dependence that develops in systematically abused women is now an established psychological phenomenon. *See generally* Lenore E. Walker, *The Battered Woman Syndrome* (1984)...

A downward departure from the Guideline range is warranted when a woman's status as a victim of systematic physical and emotional abuse substantially lessens her blameworthiness, notwithstanding her legal guilt. Such a departure may be based upon the authority of Guideline § 5K2.12 or independently upon Congress's directives in 18 U.S.C. § 3553 or upon both.

The potential for aggravation in prison of a woman's already serious psychic injuries may independently support a decision to depart downward. The sentencing

5

> judge must retain the discretion to tailor the punishment to the person.

*Id.* at 479-81 (citations omitted).

All of these considerations are applicable here and support the requested four level downward departure pursuant to USSG § 5K2.12 and/or a variance for the same pursuant to 18 U.S.C. 3553.

Respectfully submitted,

/s/ *[signature]*

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:   (904) 356-9661
Facsimile:   (904) 356-9667
Email:       sheplaw@sheppardwhite.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 17th day of May, 2021, a copy of the foregoing was sent to the following via CM/ECF:

>Bonnie A. Glober, Esquire
>Assistant United States Attorney
>300 N. Hogan Street, Suite 700
>Jacksonville, Florida 32202
>Bonnie.Glober@USDOJ.Gov

_____
ATTORNEY

BED/js [Camp.Gretchen.Mot.Downward.Departure]